UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EFREN LUIS VEGA, SR., | ) | CASE NO. 1:15CR296 |
| | ) | 1:18CV1596 |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court upon the Petitioner's, Efren Louis Vega Sr. [hereinafter "Mr. Vega, Sr.], Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF #179). The United States of America filed a response (ECF #183), and Mr. Vega, Sr., filed a reply. (ECF #185). This matter is fully briefed and ripe for review. For the reasons set forth below, Petitioner's Motion is DENIED.

## PROCEDURAL HISTORY

Mr. Vega, Sr., pleaded guilty to Counts 1 and 15 of an indictment charging him with conspiracy to distribute heroin and cocaine, in violation of 21 U.S.C. 841(a)(1), (b)(1)(A), and (b)(1)(B) (Count 1), and conspiracy to launder money, in violation of 18 U.S.C. 1956(h) (Count 15), pursuant to a written plea agreement which included a waiver of appellate rights. (ECF #83 at 425-39). The appellate waiver provided that Mr. Vega, Sr., "expressly and voluntarily" agreed to waive all his rights to appeal or file a post-conviction attack on his conviction or sentencing, except "(a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent

it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court." (ECF # 83 at 430-31).

At sentencing on April 6, 2016, the Government referenced an investigation of Mr. Vega's, alleged drug trafficking conduct at CCA and, pursuant to the presentencing report, declined to request a one level reduction for acceptance of responsibility. (ECF #115 at 929-35). This Court granted a two level reduction and set the total offense level at 33, criminal history category III, with a guideline range of 168 to 210 months. (*Id.*). Mr. Vega, Sr., was sentenced to two hundred (200) months imprisonment. (*Id.*). On that same date Mr. Vega, Sr., was sentenced in case 1:09CR363 for a supervised release violation to the custody of the Bureau of Prisons for a term of 21 months to run consecutive to the sentence imposed in the present case.

Mr. Vega, Sr., appealed his sentence to the Sixth Circuit Court of Appeals. (ECF #122). On May 26, 2017, the appeal was dismissed because it was barred by the terms of his appellate waiver. (ECF #160). Mr. Vega, Sr., did not seek *certiorari* in the Supreme Court. On July 12, 2018, he filed the present motion on the following grounds: (1) "the government violated Petitioner's 5th amendment right to due process and 6th amendment rights to notice and to a jury, when it breached the plea agreement by failing to move the sentencing court for a three-level reduction for Petitioner's acceptance of responsibility, and instead asked the court to make a finding using the preponderance of the evidence standard;" (2) "the sentencing judge abused its discretion by accepting the Government's recommendation, in part, to not give petitioner a full three level reduction for acceptance of responsibility, based on mere allegation, instead of holding the Government to its promise, or, in the alternative, directing the government to bring

2

formal charges against the petitioner, in violating the petitioner's 5th and 6th amendment rights to due process, notice and jury trial;" and (3) "appellate counsel was ineffective for failing to raise the issues that petitioner now raises in this 2255." (ECF #179).

## ANALYSIS

A petitioner who moves to vacate, set aside, or correct a sentence, pursuant to 28 U.S.C. § 2255, must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the record, conclusively show that the petitioner is not entitled to relief, then the court need not grant an evidentiary hearing on the motion. *See* 28 U.S.C. § 2255; *see also Valentine v. United States*, 488 F3d. 325, 333 (6th Cir. 2007) (stating that no evidentiary hearing is required where the "record conclusively shows that the petitioner is entitled to no relief") (quoting *Arredonda v. Unites States*, 173 F.3d 778, 782 (6th Cir. 1999)); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

It is well-established that "a defendant in a criminal case may waive any right, even a constitutional right, by means of plea agreement." *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005). Where a defendant pleads guilty, it places additional significant limitations on the right to collaterally attack a sentence. The basic rule is that "a voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Generally, the only claims

3

that such a prisoner can make are: (1) that his plea was not voluntary and intelligent; (2) that he received ineffective assistance of counsel prior to entering the plea; or (3) that on the face of the record it is clear that the district court had no power to enter the conviction or impose the sentence. *Id.*; *United States v. Broce*, 488 U.S. 563, 569 (1989).

This court has evaluated the Petitioner's motion, the Government's response, and the Petitioner's reply and has conducted a review of the record in this case. For the reasons set forth below, all of Petitioner's claims are DISMISSED.

**1) Petitioner Waived His Right to Collateral Attack in His Plea Agreement**

As noted in *McGilvery*, a defendant may waive any right by means of a plea agreement. *McGilvery*, 403 F.3d at 362. Mr. Vega's plea agreement contained a waiver of nearly all of his appellate and post-conviction rights. (ECF # 83 at 430-31). The Government rightly points out that Mr. Vega, Sr., through his plea agreement, has waived his right to file a § 2255 motion except on limited grounds, namely, prosecutorial misconduct and ineffective assistance of counsel. Mr. Vega, Sr., is only permitted to appeal punishment in excess of the statutory maximum, or, a sentence that exceeded the maximum of the sentencing imprisonment range determined under the Advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in his agreement, using the Criminal History Category found applicable by this Court. Mr. Vega's plea agreement also stipulates that, "the USAO agrees to recommend a three level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b) *provided* Defendant's conduct continues to reflect Defendant's acceptance of responsibility. Defendant understands it will be *up to the Court* at the time of sentencing to determine whether a reduction for acceptance of responsibility is appropriate." (ECF #83 at 430) (emphasis added).

4

As an initial matter, the Sixth Circuit, in dismissing Mr. Vega's appeal, has held that his guilty plea was knowing, voluntary, and intelligent and that his sentence was not in excess of the statutory maximum or maximum of the stipulated range. (ECF #160). Accordingly, Mr. Vega, Sr., may only bring a collateral attack based on ineffective assistance of counsel prior to entering the plea, or, if on the face of the record, it is clear that the district court had no power to enter the conviction or impose the sentence. *Marbry*, 467 U.S. at 508; *accord United States v. Broce*, 488 U.S. 563, 569 (1989). All other claims which might ordinarily support a collateral attack have been waived in this case.

### 2) Petitioner's Direct Appeal Alleging the Government's Breach of the Plea Agreement was Dismissed by the Sixth Circuit for Lacking Factual Support in the Record

In his motion to vacate, Mr. Vega, Sr., avers that the Government breached the plea agreement when it declined to recommend a full, three-level reduction. (ECF # 179-1). However, the Sixth Circuit dismissed his direct appeal after finding that the record did not support Mr. Vega's contention that the government breached the agreement. (ECF # 160 at 2). It is well settled that a § 2255 petition may not be employed to relitigate an issue that was raised on direct appeal absent highly exceptional circumstances, such as an intervening change in the law. *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996) (holding that petitioner may not use a § 2255 motion to relitigate appellate court's decision to dismiss petitioner's claim that the district court erred in denying acceptance of responsibility points); *DuPont v. United States*, 76 F.3d 108 (6th Cir. 1996) (holding that a § 2255 motion may not be used to relitigate an issue that is raised on appeal absent highly exceptional circumstances). Furthermore, any error in the application of the Sentencing Guidelines would not warrant collateral relief under § 2255 absent a complete miscarriage of justice. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

Neither the "highly exceptional circumstances" as envisioned by *Jones* nor the "complete miscarriage of justice" contemplated in *Grant* present themselves in this matter. Mr. Vega's plea agreement was conditioned, in that the Government would be released from its obligations to make specific sentencing recommendations if Mr. Vega, Sr., engaged in additional criminal conduct. Thus, since the Appellate Court already decided that the Government did not breach the plea agreement, Mr. Vega, Sr., may not now use this § 2255 petition to relitigate the same issue.

### 3) Petitioner Fails to State a Cognizable Claim for Ineffective Assistance of Counsel

In order for Mr. Vega, Sr., to prevail on an ineffective assistance of counsel claim, he must satisfy a two-part test by showing: (1) his counsel's representation was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1987). Failure to satisfy either prong of the *Strickland* test is fatal. *Id.* at 697. The Judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 689. In order to prove counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Furthermore, "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 689; *accord Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc) ("the inability to prove either one of the prongs – regardless of which one – relieves the reviewing court of any duty to consider the other"). Within the context of a guilty plea, the Supreme Court has defined prejudice as showing that, but for counsel's errors, defendant would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Mr. Vega's trial and appellate attorneys effectively represented him throughout the pendency of his case and in no way was his counsel's performance so deficient that it prejudiced his defense. It is abundantly clear from the record that Mr. Vega's plea was a product of his own free

will and not the result of error on the part of his counsel. Furthermore, Mr. Vega's appellate counsel timely filed his notice of appeal and ably argued the same points that Mr. Vega, Sr., now argues in his § 2255 motion. Mr. Vega's appellate counsel's performance did not fall below the "objective standard of reasonableness" called for in *Strickland*. It is also well-settled that counsel is not required to make every plausible argument on behalf of his client; counsel is only required by the Constitution to provide "reasonably effective assistance." *Strickland*, 466 U.S. at 687. Finally, Mr. Vega, Sr., fails to show that had his counsel argued differently, there would have been a reasonable probability of a different result. Thus, the Petitioner has failed to demonstrate inadequate performance on the part of his attorney or prove that such performance prejudiced his case in any meaningful way.

### 4) Guideline Claims May Not be Raised in a Section 2255 Motion

Section 2255 does not provide relief for claims relating to guidelines calculations. Section 2255 provides redress only for jurisdictional or harmful constitutional errors. *United States v. Addonizio*, 422 U.S. 178, 184 (1979). Ordinarily, non-constitutional errors are not cognizable on collateral review. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) (noting that non-constitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver). Relief may be available only in rare circumstances to some non-jurisdictional and non-constitutional errors of federal law, but only if those errors involve a "fundamental defect which inherently results in a complete miscarriage of justice." *Addonizio*, 422 U.S. at 185. Under this rigorous standard, most non-constitutional violations of federal law, including guidelines claims, are not cognizable on collateral review. *See e.g. United States v. Pollard*, 959 F.2d 1011, 1028 (D.C. Cir 1992) (finding that an alleged violation of a plea agreement, even if true, would fall far short of a fundamental defect in

7

sentencing that would result in a "complete miscarriage of justice"). Accordingly, Mr. Vega's guideline claims do not reach the level of a cognizable claim under § 2255.

## CONCLUSION

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF # 179) is DENIED.

Furthermore, because the record conclusively shows that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: September 27, 2018